UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 6: 04-14-DCR |
| V. | ) ) | |
| TOMMY DAVIS, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Approximately three and one-half years after entry of judgment in this matter, Defendant Tommy Davis has filed a motion for discovery in which he requests that he be provided copies of the indictment, trial transcript[1] and sentencing transcript. [Record No. 50] As grounds for this request, he asserts that he is indigent and is considering "the possibility of action." The Court construes this to mean that he is considering filing a habeas or other action affecting his incarceration.

Although Davis has provided no statutory basis for his request, the Court notes that 28 U.S.C. § 753(f) and 28 U.S.C. § 2250 outline the government's responsibility to provide transcripts and other documents to inmates. *See United States v. Gains*, 1992 WL 38157, at \*1 (E.D. Pa Feb. 20, 1992). Under § 753(f), the government must furnish transcripts where a

---

[1] Defendant Davis entered a guilty plea on May 24, 2004, to Counts 1 and 2 of the Indictment. He was sentenced on September 7, 2004, to sixty months imprisonment, followed by a term of supervised release of four years. [Record Nos. 28 and 38]

prisoner has authorization to proceed in forma pauperis, the court finds that the § 2255 action is non-frivolous, and the court actually needs the transcript to rule on an issue. *See* 28 U.S.C. § 753(f). In addition, § 2250 provides:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250.

In the present case, the Defendant's request for documents and transcripts fails because under both statutory sections, Davis must have a § 2255 application **pending**. *See United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970); *United States v. Agbomire*, 239 F.App'x 929, 929-30 (5th Cir. 2007); *United States v. Lewis*, 1994 WL 563442, at *1-2 (10th Cir. Oct. 14, 1994); *Corrigan v. Thomas*, 55 F.App'x 754, 756 (6th Cir. 2003)("Finally, federal prisoners are not entitled to obtain a transcript . . . at government expense under [§ 753(f)] for the purpose of preparing a motion to vacate where there was no motion to vacate sentence pending.")(citing *Ketcherside v. United States*, 317 F.2d 807, 808 (6th Cir. 1963); *see also United States v. Hoskins*, 85 F.Supp. 313, 313-14 (E.D. Ky. 1949).

Because Davis has not filed a § 2255 motion, the posture of the case precludes application of § 2250 or § 753(f). Further, even if a § 2255 application were pending, any subsequent motion for court documents would have to include a "showing of need." *United States v. Nelson*, 1991 WL 59411 (10th Cir. April 16, 1991); *see also Irby v. Swenson*, 361 F.Supp. 167

(D.C. Mo. 1973); *Wiggins v. United States*, 1005 WL 1362234, at *2 (S.D. Miss. June 3, 2005); *Althouse v. Cockrell*, 2004 WL 377049, at *2 (N.D. Tex. Feb. 13, 2004). Here, the Defendant's assertion that he is considering the possibility of an action is clearly insufficient to meet his burden. *See, e.g., Walker*, 424 F.2d at 279 ("A federal prisoner is not entitled to obtain copies of court records at government expense for the purpose of searching the record for possible error.").

Being sufficiently advised, it is hereby

**ORDERED** that the Defendant's motion for discovery [Record No. 50] is **DENIED**.

This 27th day of March, 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge